43943.  GAINESVILLE CARPET MART et al.
v. FIRST FEDERAL SAVINGS & LOAN
ASSOCIATION et al.

WHITMAN, Judge.  The Davis Washington Lumber Company brought an equitable proceeding to have a receiver appointed for the R. M. Conner, Sr. Contracting Company, Inc.  A receiver was appointed and notice was given to all parties having any claim against the assets of the contracting company to intervene in the cause.  The appellants herein filed such interventions.  Subsequently, the appellants, together, filed an "additional intervention" directed against the First Federal Savings & Loan Association of Gainesville, Ga., herein called the "Association," alleging therein that there had existed a joint venture or a partnership between the Association and the contracting company.  It was also alleged that the Association had perpetrated a fraud upon creditors of the contracting company.  Based on such allegations, the "additional intervention" prayed that the Association be made a party defendant in the proceeding; that it be enjoined from foreclosing security deeds held by it as grantee from the contracting company for construction loans; that said deeds "be called up and canceled," and that the property represented thereby be marshaled by the receiver as assets of the contracting company and be distributed to appellants and other creditors. The appellee Association denied the material allegations of the intervention and filed its motion for summary judgment.  The appellants made a similar motion.  Based on the pleadings and affidavits filed by the parties, the court granted the Association's motion, necessarily adjudicating thereby that the security deeds held by the Association were not subject to cancellation for fraud, and that the property represented thereby was not subject to marshaling by the receiver on any theory of joint venture or partnership between the Association and the contracting company.

The adjudication below decided equitable questions and review thereof must be by the Supreme Court. No damages or other money judgment was sought.

*Transferred to the Supreme Court. Felton, C. J., and Eberhardt, J., concur.*

ARGUED SEPTEMBER 4, 1968—DECIDED MARCH 12, 1969.

*Reed & Dunn, R. Elliott Dunn, Robert E. Andrews,* for appellants.

*Hammond Johnson, Jr., Perry S. Oliver, R. Wilson Smith, Jr.,* for appellees.